IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13cv-2108-RM-KLM

COLIN LAMPRECHT, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

RICHARD "RICK" KRAMMER, an individual, CAFÉ MEXICALI, LLC, CAFÉ MEXICALI-GREELEY, LLC and CAFÉ MEXICALI-BOULDER, LLC, each Colorado limited liability companies,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

WHEREAS, discovery in the above entitled action will involve the production of information that the producing parties or persons claim to be confidential information; and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY AGREED by the parties through their respective counsel of record that:

    1.    As used this Protective Order, the term(s):

        a.    "Plaintiff" or "Plaintiffs" means Colin Lamprecht ("Mr. Lamprecht") and each opt-in plaintiff under 29 U.S.C. § 216; and, if one or more classes is certified under Rule 23 of the Federal Rules of Civil Procedure, the putative members of the class);

    b. "Café Mexicali" means Cafe Mexicali, LLC, Cafe Mexicali-Greeley, LLC, and Cafe Mexicali-Boulder, LLC, and their current and former members, executives, employees, and agents subsidiaries, employees, independent contractors, consultants, members, officers, directors, or agents, as well as those of any entity which any of them has acquired or by which any of them has been acquired; provided, however, that "Café Mexicali" excludes each Plaintiff.

    c. "Defendants" means Café Mexicali and Rick Krammer ("Mr. Krammer").

    d. For the purpose of this Protective Order, the term "Party" means Plaintiffs and Defendants.

    e. The term "Person" includes natural persons, as well as partnerships, limited partnerships, limited liability partnerships, companies, limited liability companies, associations, league, corporations, governments (including all instrumentalities, offices, agents, subdivisions, thereof), trusts funds, and all other business legal or artificial entities and business associations, and their current or former shareholders, members, partners, executives, employees, and agents.

2. In connection with discovery and other proceedings in this action, the parties may designate as "Confidential" any information, document, thing, material, testimony, image, or other information derived therefrom (whether by document, by deposition, hearing, or trial testimony; by interrogatory answer, request to admit, or response to any request for documents; or in any Motion, pleading, affidavit, declaration, brief or other document submitted to this Court or otherwise), as "Confidential" is any so-designated document, thing, material,

testimony or other information (or an extract, chart, summary, note or copy made or derived from that information) that is, includes, or constitutes information which the producing Party has a good-faith basis for contending is non-public

    a.   personal or private information regarding Cafe Mexicali, LLC, Cafe Mexicali-Greeley, LLC, and Cafe Mexicali-Boulder, LLC, and its current or former members, executives, employees, and agents;

    b.   personal or private information regarding any Plaintiff;

    c.   personal or private information regarding non-party witnesses;

    d.   information regarding a Party's historical or current financial information, business methods, marketing and financial research, credit standing, forecasts, and strategies;

    e.   recipes, food preparation processes, product development practices; operations manuals; and all other written manuals specific to Café Mexicali

    f.   competitive selling information;

    g.   compensation of any of a Party's employees, former employees, or contractors, including but not limited to historical and prospective compensation, wage rates, tip amounts, incentive structure, and job performance; or

    h.   any trade secret, research, development, or commercial information.

3.   Documents, things, or other tangible materials to be designated as Confidential (the "Confidential Information") shall be designated as such by stamping on each page of the copies of the document or thing produced to a Party with the legend "Confidential Material," "Confidential Information," or "Confidential," or by

otherwise affixing to the thing produced a label with such designation. Where only portions of a document or interrogatory answer are claimed to be Confidential Information, the producing Party shall designate the parts of said materials for which Confidential Information treatment is claimed and only those portion shall be subject to this Order. The failure of a Party to designate in the first instance material as Confidential Information shall not preclude the Party from subsequently designation the material as Confidential Information.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential Information by a statement by an attorney of one of the Parties to that effect on the record at the deposition or other proceeding, or by written notice to the opposing Party within fourteen (14) days of receipt of a transcript thereof. If such designation is made during the course of a deposition, counsel for a Party or the witness may request all persons, except persons entitled to receive such information pursuant to the Order and the stenographer, to leave the room where the deposition or testimony is proceeding until completion of the answer or answers containing such Confidential Information and the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face, and if possible, each page of the transcript with the appropriate designation and seal it in a separate envelope. The failure of a Party to designate in the first instance testimony as Confidential Information shall not preclude that Party from subsequently designation the testimony as Confidential Information, provided that the designation is made within fourteen (14) day period as set forth

above. No Party shall disclose in any manner, testimony information, whether designated as Confidential Information or not, prior to seven (7) days after receipt of the transcript thereof. The designation of testimony as Confidential Information may be "temporary," with such designation being removed by the designation Party as the circumstances may thereafter dictate. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information, and to label such portions appropriately.

5. Information designated as Confidential Information under this Order shall be used only for the purpose of the prosecution, defense, or settlement of this action, and not for any business or other purpose whatever, unless under legal compulsion in connection with a court case or other governmental administrative proceeding. In such event, the Party from whom production is sought will promptly advise the designation Party of such legal compulsion and both Parties agree to cooperate in a good faith attempt to protect such Confidential Information, be it through objections, motion to quash, protective order of otherwise. Any other use is prohibited.

6. Information designated as Confidential Information under this Order may be disclosed only to the following persons:

   a. This Court and any court to which and appeal in this action might lie and the support personnel of each such Court, as well as trial jurors;

   b. All Parties to this action;

  c. The outside counsel of record in this action and their associate attorneys and their support personnel whose functions require access to such material;

  d. Outside vendors who perform microfiching, photocopying, computer classifications, or similar functions, but only for so long as necessary to perform such services;

  e. Court reporters at depositions or hearings and their support personnel engaged in preparing transcripts of testimony or hearings for this action;

  f. Outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or the Party's attorneys (i) to provide assistance as mock jurors or focus group members or the like, or to furnish technical; or (ii) to provide consultation or assistance in the preparation or prosecution of claims or defenses in this action and not a competitor of the Party designating the Confidential Information, and the employees of such experts and consultants who are assisting them; or (iii) private investigators; provided: each has signed a statement in the form attached hereto as Exhibit A that they have read this Order and agree to be bound by its terms;

  g. Such other persons as hereafter may be designated by written agreement of all Parties in this action or by order of the Court, such order obtained on notice motion (or on shortened time as the Court may allow), permitting such disclosure. Prior to receiving any Confidential Information, each person in categories c and e, shall be provided a copy of this Order.

7. Any non-party that produces information that qualifies as Confidential Information under this Order (whether by document, by deposition, by interrogatory answer or otherwise) in the course of discovery herein may designate such produced information as "Confidential Information" or "Confidential" as specified in this Order and thereby obtain protection pursuant to the terms and conditions of the Order for such designated information. Neither non-parties, nor any of their representatives, shall have any right to access any material or information produced by a Party or another non-party that has been designated "Confidential Information" or "Confidential", without the prior written approval of the producing Party or non-party.

8. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material legally obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing his or its own Confidential Information as it deems appropriate, provided, however, that such material was not obtained by or disclosed to that Party as a result of wrongful or illegal means.

9. If Confidential Information, including any portion of a deposition transcript designated as Confidential Information, is included in any papers to be filed in Court, such papers shall be labeled on each page "Confidential Information – Subject to Court Order" or similar designation and filed in accordance with the D.C.COLO.LCivR 7.2.

10. In the event that any Confidential Information is used in any proceedings in this action, it shall not lose his or its Confidential Information status through such use, and the Party using such Confidential Information shall preserve his or its confidentiality during such use. This will be governed by the rules of the Court.

11. All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth in other parts of this Order shall be designated by the producing Party by informing the receiving Party in writing. The failure of a Party to designate in the first instance material as Confidential Information shall not preclude that Party from subsequently designation the material as Confidential Information.

12. This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether the use of the Order should be restricted, (ii) to make a motion to the Court under Federal Rules of Civil Procedure 26(c) and MJ Mix's discovery procedures for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or (iii) pursuant to MJ Mix's discovery procedures to bring before the Court at any time a motion to change the designation of any Confidential Information from the classification of "Confidential Information" or "Confidential" to non-confidential regardless of whether the material was produced by a Party or third-party. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order. Until the Court rules on such a motion, the documents and information in question

shall be treated in accordance with this Order under the designation being challenged by the motion.

13. A Party may object to the designation of particular information as Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the Party designation the information as Confidential to ~~file~~ make an appropriate motion *pursuant to the* ~~~~ *Mia's discovery procedure* requesting the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designation Party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion ~~filed~~ made under this provision, the Party designation the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14. A producing Party may notify the other Parties that documents that should have been designated "Confidential Information" or "Confidential" under the terms of the Order were inadvertently produced without being designated as such. Upon receiving such notice form the producing Party, the Party receiving such notice

shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document within seven (7) days of receipt of such notice. Also within seven (7) days of receipt of such notice, the receiving Party shall notify in writing all individual who, to the best of the receiving Party's attorney's knowledge or recollection, have see, had access to, or learned the contents of, such documents, that such documents are "Confidential Information" or "Confidential" and that further disclosure by them is strictly prohibited. On or before the first day of trial, or within fourteen (14) days after receipt of a fully executed settlement agreement or order of the dismissal of this entire litigation, whichever is applicable the receiving Party shall provide the producing Party with copies of the written notifications and an accompanying list of the individuals to whom disclosure has or may have been made. No Party shall be held in breach of the Order if, before receipt of such notice, any documents inadvertently produced without being designated as "Confidential Information" or "Confidential" were disclosed to any person(s) not authorized to receive "Confidential Information" or "Confidential" under this Order.

15. Any Party's failure to challenge a designation of any document or information as "Confidential Information" of "Confidential" pursuant to this Order shall be without prejudice to the right of any Party to contest the substantive legal status of such designated material as trade secret or Confidential Information.

16. This Order is entered solely for the purpose of facilitating the exchange of document and information between the Parties to this action without involving the

Court unnecessarily in the process. Nothing in this Order or the production of any information or documents under the terms of this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation or any Party or the absence thereof.

17. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information is not or does not become generally known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within twenty (20) days following the termination of this case, on written request from the disclosing Party, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential Information and all copies of same, or shall certify the destruction thereof. For the purpose of this agreement, "termination of this case" shall mean either the settlement of this lawsuit or the exhaustion of all appeals or other judicial review which may be brought by either Party, including petition for writ of certiorari to the United States Supreme Court or the expiration of all time periods which would permit such appeals or judicial review.

18. In connection with any non-party document production in this action, each Party shall be afforded reasonable opportunity to review those documents whose production has been called for and to designate, not less than seven (7) days after

receipt of notice by fax, hand delivery, or email ("Notice") from the Party who obtains the non-party production, any documents or portions of such documents as "CONIDENTIAL MATERIAL" pursuant to the applicable terms of this Order, provided that no Party shall disclose in any manner, any such third Party produced documents, whether designated as Confidential Information or not, prior to seven (7) days after serving said Notice on all other Parties in this cause of action. Such designation shall be made either in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (e.g., by identifying the Bates numbers of the designated documents or by stamping the appropriate legend on copies of the designated documents and delivering the copies to opposing counsel).

19. Neither the taking of nor the failure to take any action to enforce the provisions of the Protective Order shall constitute a waiver of any claim or defense in the trial of this action or any other action including, but not limited to, the claim or defense that any such information is or is not proprietary to any Party or other person or that such information embodies trade secrets of any Party or other person. The procedures set forth herein shall not affect the rights of the Parties or other person to object to discovery on any permissible grounds. Nor shall they relieve a Party of the necessity of proper response to discovery devices.

20. This Protective Order shall not abrogate of diminish any contractual, statutory or other legal obligation or right of any Party or other person with respect to any Confidential Information. The fact that information is designated "Confidential

Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of the Parties or otherwise permitted by the Court, the fact of such designation shall not be admissible during the trial of this action, nor shall the jury be advised of such designation, except to the extent revealed by the designations "CONFIDENIAL MATERIALS" on Exhibits produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether such information is Confidential Information or proprietary.

21. This Protective Order shall apply to any and all copies, writings and notes made from or delivered from information or documents designated as "Confidential Information." *[handwritten: MJ Mix's procedures]*

22. Any Party may apply to the court for a modification of the Order, *[handwritten: pursuant to MJ Mix's discovery procedures]* and nothing in this Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

The Parties agree forthwith to submit this Agreed Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, the Agreed Protective Order shall be effective as if approved.

SO ORDERED:

Dated this 21st day of May, 2014.

_____
~~U.S. District Court Judge~~

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

13

Approved as to form:

/s/ *Christopher M. Leh*
Christopher M. Leh
Leh Law Group, LLC
Mountain View Corporate Center
12303 Airport Way
Suite 200
Broomfield, CO 80021
Telephone (303) 327-1415
cleh@lehlawgroup.com

**ATTORNEY FOR RICHARD "RICK" KRAMMER, CAFÉ MEXICALI, LLC, CAFÉ MEXICALI-GREELEY, LLC and CAFÉ MEXICALI-BOULDER, LLC**

/s/ *Brian D. Gonzales*
Brian D. Gonzales
The Law Offices of
 Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
Telephone (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

On May 15, 2014, I electronically submitted this **PROPOSED STIPULATED PROTECTIVE ORDER** with the clerk of court for the U.S. District Court, District of Colorado, via CM/ECF, which will send an email notification to the following:

>Brian D. Gonzales
>The Law Offices of Brian D. Gonzales, PLLC
>123 North College Avenue, Suite 200
>Fort Collins, CO  80524

*/s/ Christopher M. Leh*
Christopher M. Leh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13cv-2108-RM-KLM

COLIN LAMPRECHT, on behalf of himself and all similarly situated person,

       Plaintiff,

v.

RICHARD "RICK" KRAMMER, an individual, CAFÉ MEXICALI, LLC, CAFÉ MEXICALI-GREELEY, LLC and CAFÉ MEXICALI-BOULDER, LLC, each Colorado limited liability
companies,

       Defendant.

---

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

---

       In consideration of the disclosure to me or production by me of certain information that is, or upon production may be, designated as subject to a Stipulated Protective Order of the Court, I agree as follows:

       1.    I have read the Stipulated Protective Order in this case and I agree to be bound by its terms.

       2.    I understand that if I violate the terms of the Stipulated Protective Order, I may be subject to a contempt of court proceeding.

       3.    I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Stipulated Protective Order.

Dated: _____    _____
                                                                         (Signature)

                                                                         _____
                                                                         (Print Name)

                                                                         _____

                                                                         _____